1 | LILLIAN H. KHOSRAVI, ESQ. 316930
2 | LAW OFFICE OF LILLIAN KHOSRAVI
  | 1000 TOWN CENTER DR. SUITE 300
3 | OXNARD, CA 93036
  | (805) 428-1253
4 | LILLIAN@KHOSRAVILAW.COM

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| DEFTBAY INC. (DBA Marche Unique) | UNLIMITED CIVIL |
| PLAINTIFF, | CASE NUMBER: 2:21-cv-4260 |
| | **COMPLAINT** |
| V. | |
| XIAOHONG XUE, an individual; | **JURY TRIAL DEMANDED** |
| QI SHIJIA, an individual; and | |
| JING ZHOU, an individual; | |
| JOHN DOES (1-6), AND | |
| XYZ CORPORATIONS (1-6), | |
| DEFENDANTS. | |

1
**COMPLAINT**

**PARTIES**

1. Plaintiff DEFTBAY INC. (DBA Marche Unique) ("Plaintiff") is a Canadian Corporation.

2. Upon information and belief, Defendant Xiaohong Xue is a citizen of the China with their principal place(s) of business in China, doing business in the USA.

3. Upon information and belief, Defendant Qi Shijia is a citizen of the China with their principal place(s) of business in China, doing business in the USA.

4. Upon information and belief, Defendant Jing Zhou is a citizen of the China with their principal place(s) of business in China, doing business in the USA.

5. John Does (1-6) and XYZ Corporations (1-6) are fictitious defendants, none of which are citizens of the United States.

6. For purposes of this Complaint, all defendants, will be referred to collectively as "Defendants." Xiaohong Xue, as an individual defendant will be referred to as "Xue". Defendant Qi Shijia, as an individual defendant will be referred to as "Qi". Defendant Jing Zhou, as an individual defendant will be referred to as "Zhou".

**JURISDICTION AND VENUE**

7. The Court has jurisdiction under 17 U.S.C. § 101 et seq. (Copyright Act) pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. § 1338(a) (any act of Congress relating to copyrights).

8. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a).

10. Each Defendant, and on information and belief, each DOE Defendant is subject to personal jurisdiction in this judicial district with respect to this civil action.

11. Each Defendant has transacted business in this district in connection with the Plaintiff's

Copyrighted Works and/or their acts of infringement are causing damage and injury to Plaintiff.

## STATEMENT OF FACTS

12. Plaintiff is an online party store and e-commerce business based in Ottawa, Canada. Products are sold on Amazon, Etsy, eBay, and plaintiff's website. www.shimmerandconfetti.com

13. Amazon uses an Amazon Standard Identification Number ("ASIN") for all products on their platform.

14. Plaintiff is informed and believes Defendants are citizens of China that are in direct competition with Plaintiff with several apparent alias/usernames on Amazon.com which include Briskri, Amandir, Fasker, OUDDY, US-ZJW and Jam My.

15. Listings by Briskir, Amandir, OUDDY, US-ZJW and Fasker share ASIN numbers and products. Advertising information by Fasker uses the name Amandir as the brand name in relation to the products.

16. On April 27, 2021 at 12:49 AM Plaintiff received a policy notice from Amazon.com (complaint 8264188941) which was filed by the seller, Briskri, regarding US Trademark number 6313692 and Plaintiff's listing (ASIN B07CNRSYJR).

17. US trademark number 6313692 is for the word mark "Unicorn" and is owned by Jing Zhou, a Chinese individual.

18. Plaintiff removed all mention of "Unicorn" from their product description for the listing at issue with Amazon.

19. On April 27, 2021 at 1:02 AM Plaintiff received a second policy violation notice ("Second Complaint") from Amazon.com filed by Briskri, (complaint 8264133201), regarding

registration number: 3240989 against ASIN B07JF8WSBR. Amazon removed the Plaintiff listing in response to the complaint.

20. The Second Complaint at issue with Amazon was regarding Trademark registration number 3240989 belongs to SCRIBE OPCO, INC. located in Clearwater Florida, organized in Delaware. The mark is KOOZIE. Plaintiff has never used the word mark "KOOZIE" in any of their listings.

21. Plaintiff reached out to SCRIBE OPCO and SCRIBE OPCO's external legal counsel and confirmed that SCRIBE OPCO never issued the Second Complaint. (attached herein as Exhibit "A" is a true and correct copy of communications between Plaintiff and SCRIBE OPCO's legal counsel)

22. Plaintiff notified Amazon with the discovery from SCRIBE OPCO and was informed listing ASIN B07JF8WSBR was actually removed for infringement on US trademark number 6313692 "Unicorn."

23. Plaintiff is informed and believe that Defendant filed the Second Complaint fraudulently.

24. Amazon reinstated the product listing for Plaintiff when Plaintiff removed the word "Unicorn" from the product description and providing supplier invoices proving Plaintiff's product was not a counterfeit of Defendant's product.

25. Plaintiff was then told by Amazon support that they could resume using the word "Unicorn" in their product description, as their use of "Unicorn" was not deemed by Amazon to be infringing and is a common industry term.

26. Plaintiff sells balloons with the face and shape of a unicorn.

4
**COMPLAINT**

27. As a result of the listings being wrongfully removed, Plaintiff has suffered damages including loss of sales, loss of reputation, and loss of goodwill.

28. On May 1, 2021, Plaintiff reported the seller, Fasker, for copyright infringement (complaint ID 8289860651). (attached herein as Exhibit "B" and Exhibit "C" is a true and correct copy of reports by Plaintiff) (attached herein as Exhibit "D", Exhibit "E" and Exhibit "F" is a true and correct copy of the responses from Amazon)

29. The nature of the infringement was for the repetitive plagiarizing of unique creative prose that was created by Plaintiff for marketing and description purposes for their Amazon listings. (attached herein is a true and correct copy of Plaintiff's listing as Exhibit "G", and a true and correct copy of one example of the 35 infringing listings attached herein as Exhibit "H")

30. The nature of other infringement by Defendant was for copyrighted video content owned by Plaintiff. (attached herein is a true and correct screenshot of both videos in Exhibit "I")

31. Amazon Terms of Use do not allow the posting of unlicensed third party works.

32. Plaintiff is informed and believes Defendant plagerized Plaintiff's copyrighted prose 31 times.

33. On May 4, 2021 Plaintiff received an email from the owner of the seller account Fasker, hasagoodday@outlook.com, named as Chris Lee in the communication, admitting to the infringements and apologizing for plagiarizing Plaintiff's prose. (attached herein is a true and correct copy of the message as Exhibit "J")

34. Fasker sent a follow up email as well on May 5, 2021 reiterating their apology for infringing and asking for the complaints of the violations to be withdrawn. (attached herein is a true and correct copy of the message as Exhibit "K")

35. Defendant continued to harass Plaintiff using a new alias My Jam, and under the false pretense of purchasing Plaintiff's product by using the Buyer-Seller messaging system on Amazon with the same message from May 5, 2021. (Attached herein is a true and correct copy of the message as Exhibit "L")

36. Defendant subsequently cancelled the fraudulent order.

37. On May 7, 2021, Defendant, once again using the alias My Jam, sent messages, this time asking if the remote in the product came with batteries. Once again, within a few hours of messaging Plaintiff, Defendant cancelled their order. (Attached herein is a true and correct copy of the message Exhibit "M"). Defendant also messaged Plaintiff under the alias OUDDY and admitted guilt to copyright infringement asking for the complaints of violation to be withdrawn.

38. On both occasions Plaintiff reported the messages as harassment and threatening messages to Amazon.

39. On May 8, 2021, Plaintiff was alerted to four cancelled orders on their product (ASIN B07CNRSYJR) within 15 minutes. Plaintiff reached out to Amazon Seller Support by phone and was informed the cancelled orders were from Defendant.

40. As a result of the cancellations and intentional interference by Defendant, Plaintiff's suffered damages including loss of sales, loss of reputation, and loss of goodwill.

41. On May 12, 2021 Plaintiff received a counter DMCA notice from Fasker with respects to ASIN B08LNMF49B and complaint ID 8254785211. (attached herein is a true and correct copy of the counter notice as Exhibit "N")

42. The Digital Millennium Copyright Act (DMCA) at 17 U.S.C. § 1202 prohibits the Defendants from knowingly, and with the intent to induce, enable, facilitate or conceal infringement, providing false copyright management information.

43. In order to file a counter notice, you must have "a good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled." (U.S. Code, Title 17, Section 512(g).)

44. Plaintiff is informed and believes Defendant provided false copyright management information in bad faith and for an improper purpose.

45. Plaintiffs original DMCA complaint submitted to Amazon was in regards to Defendant using Plaintiff's copyrighted video content ("Copyrighted Works") in their own advertisement video on Amazon.com.

46. 11% of Defendant's video that infringes on the Copyrighted Works is taken directly from a collaboration between Plaintiff and famous Youtube influencer Anastasia Onishchenko in which Ms. Onishchenko reviewed Plaintiff's product of which they have a common law copyright.

47. Ms. Onishchenko's video is a work for hire in which she is entitled to royalties from the Amazon Affiliates and Referral income through website links. The video currently has over 190k views on Ms. Onishchenko's Youtube site.

48. At Plaintiffs request, Ms. Onishchenko also submitted a copyright infringement report to Amazon on April 20, 2021 against Defendant. (case ID 8246387761)

49. Defendant alleges in their DMCA counter notice that the initial complaint is inaccurate as the seller "own all rights in the material posted. Any allegations of rights violation are unsupported." Defendant then goes on to declare under penalty of perjury that he has a good faith belief that the complaint of rights infringement is either based on mistaken information or is an intentional misuse of the law.

50. Defendant then states that he is located out of the United States and consents to the jurisdiction of any United States Federal District court. Defendant also agrees to accept service of process from the complainant and provided an address for service.

## COUNT I

## DIRECT COPYRIGHT INFRINGEMENT

51. Plaintiff incorporates paragraphs 1 to 50 as if fully restated herein.

52. Plaintiff owns the common law copyright rights in the Copyrighted Works used in the promotional written content and videos for commerce.

53. As the owner of the copyright rights, Plaintiff holds the exclusive rights under 17 U.S.C. § 106.

54. Defendants had access to but were not licensed by Plaintiff to use Copyrighted Works in the manner they have used one or more of the Plaintiffs' Copyrighted Works.

55. Defendants have directly infringed Plaintiff's rights because they have reproduced one or more of the Copyrighted Works in violation of 17 U.S.C. §106(1); they have prepared derivative works based upon one or more of the copyrighted work in violation of

17 U.S.C. §106(2); they have distributed copies of one or more of the Copyrighted Works to the public by sale or other transfer of ownership, or by rental, lease, or lending in violation of 17 U.S.C. §106(3); they have performed one or more of the Copyrighted Works publicly in violation of 17 U.S.C. §106(4); and/or they have displayed one or more of the Copyrighted Works work publicly in violation of 17 U.S.C. §106(5).

56. Plaintiff has been damaged by Defendant's actions.

57. Defendant's have directly and indirectly profited from their acts of infringement.

58. Plaintiff is irreparably harmed by the acts alleged herein and has no adequate remedy at law.

## COUNT 1I

### FALSE COPYRIGHT MANAGEMENT INFORMATION

59. Plaintiff incorporates paragraphs 1 to 58 as if fully restated herein.

60. The Digital Millennium Copyright Act (DMCA) at 17 U.S.C. § 1202 prohibits the Defendants from knowingly, and with the intent to induce, enable, facilitate or conceal infringement, providing false copyright management information for certain Copyrighted Works.

61. The Digital Millennium Copyright Act (DMCA) at 17 U.S.C. § 1202 prohibits the Defendants from distributing or importing false copyright management information ("CMI") under 17 U.S.C. § 1202-§ 1203.

62. Defendant is aware of its obligations under 17 U.S.C. § 1202 and its agreement not to provide false copyright management information.

63. Defendant knows Plaintiff owns the copyright rights to the video artwork and 2D graphics of the Copyrighted Works at issue in this matter because Defendant expressly

acknowledged Plaintiff's ownership of those rights.

64. Defendant knows that it did not acquire a license to use Plaintiff's Copyrighted Works on-line use, or for internet wagering, because they are a direct competitor of Plaintiff.

65. Defendant knows of the correct Copyrighted Works CMI to use.

## COUNT III

## TORTIOUS INTERFERENCE WITH CONTRACT

66. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

67. Plaintiff entered into a contract with Amazon as a seller on their global marketplace platform.

68. Defendant knew about the contract and the business relationship.

69. The Defendant interfered with the contract by inducing or fraudulently inducing Amazon to terminate Plaintiff listings.

70. The approximate damages were the loss of the $100,000 plus interest due. Actual amount of damages as a result of Defendant's wrongful actions to be determined at trial.

## COUNT IV

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

71. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

72. Plaintiff entered into a contract with Amazon as a seller on their global marketplace platform. This contract with Amazon also establishes prospective business with third parties buyers that utilize Amazon's platform.

73. Defendant knew about the contract and the business relationship, as well as the prospective business advantages of the third party buyers.

74. The Defendant interfered with the contract and prospective advantage by improper means and for an improper purpose by wrongfully violating intellectual property rights, and providing false sales, and false information to Amazon about Plaintiffs intellectual property so that Amazon would remove Plaintiffs listing, and Defendants could take the business from the third party buyers.

75. The approximate damages were the loss of the $100,000 plus interest due. Actual amount of damages as a result of Defendant's wrongful actions to be determined at trial.

//

## COUNT V

## CIVIL CONSPIRACY

76. Plaintiff adopts and reasserts, and by this reference incorporates each and every allegation set forth in paragraphs 1-75, inclusive as though fully set forth herein.

77. Plaintiff is informed and believe that Defendant Qi, and Zhou intentionally joined Xue in a scheme to defraud Amazon and damage Plaintiffs business due to the fraud, and that such intentional joinder was done for the purpose of wrongfully enriching themselves.

78. Plaintiff is informed and believe that Defendants used their multiple alias names, individually and collectively, to wrongfully interfere with Plaitiffs goodwill with Amazon and with other third parties, by using intimidation, harassment, and making knowingly false claims about Plaintiff's intellectual property as their own.

79. Plaintiff was harmed by Defendant's actions.

80. Defendant's conduct was a substantial factor in causing Plaintiffs harm.

81. As a direct and proximate result of Defendant's Conspiracy discussed hereinabove,

Plaintiff has suffered damages in an amount subject to proof at trial, but estimated to exceed $100,000.

## COUNT VI

## UNFAIR COMPETITION

82. Plaintiff adopts and reasserts, and by this reference incorporates each and every allegation set forth in paragraphs 1-81, inclusive as though fully set forth herein and inclusive of the following causes of action, Direct Copyright Infringement, False Copyright Management Information, Tortious Interference with Contract, Civil Conspiracy and Intentional Interference with Prospective Economic Advantage, and each of which constitute an unlawful, unfair or fraudulent business act or practice.

83. Defendants willfully and intentionally engaged in unfair competition defined by California Business & Professional Code § 17200, *et.sec.* as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising

84. Plaintiff was harmed by Defendant's actions.

85. Defendant's conduct was a substantial factor in causing Plaintiffs harm.

86. Defendants actions as described herein constitutes unlawful, unfair, and/or fraudulent business practices in violation of Section 17200 et seq. of the California Business and Professions Code and California common law.

87. As a direct and proximate result of Defendant's Unfair Competition discussed hereinabove, Plaintiff has suffered damages in an amount subject to proof at trial, but estimated to exceed $100,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

88. Judgment in favor of Plaintiff and against Defendants;

89. Permanent injunctive relief pursuant to 17 USC §502;

90. An order for impoundment of all copies made or used in violation of the exclusive rights of Plaintiff pursuant to 17 USC §503;

91. An order impounding records documenting the manufacture, sale, or receipt of things involved in the acts of infringement pursuant to 17 USC §503;

92. An award of actual damages pursuant to 17 USC §504;

93. An order for an accounting and an award of Defendants' profits (including direct and indirect profits) pursuant to 17 USC §504;

94. An order of costs and allowable attorney's fees pursuant to 17 USC §505; and

95. Any and all relief deemed just and appropriate by the Court.

96. Remedial modification and/or destruction of the product involved.

//

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

Dated: May 21, 2021

    /s/Lillian H. Khosravi

Lillian H. Khosravi
Law Office of Lillian Khosravi
1000 Town Center Dr. Suite 300
Oxnard, CA 93036
(805) 428-1253
Lillian@khosravilaw.com
Attorney for Plaintiff

**COMPLAINT**